IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**REBECCA JEAN JONES a/k/a**                                                        **APPELLANT**
**Rebecca Jean Mcgahey**

**V.**                                                                            **NO. 3:16-mc-00018-DMB**

**DOROTHY MORGAN**                                                           **APPELLEE**

## ORDER DENYING LEAVE TO APPEAL

Before the Court is Rebecca Jean Jones' motion for leave to appeal an interlocutory order from an adversary proceeding pending in the United States Bankruptcy Court for the Northern District of Mississippi. Doc. #1. Because Jones has not satisfied the requirements for an interlocutory appeal, the motion will be denied.

## I
## Procedural History

On August 31, 2015, debtor Rebecca Jean Jones filed an adversary proceeding against Dorothy Morgan in the United States Bankruptcy Court for the Northern District of Mississippi. *Jones v. Morgan*, No. 15-11505 (Bankr. N.D. Miss.) (Doc. #1). On September 23, 2015, the Bankruptcy Clerk of Court issued an alias summons for Morgan. Morgan received service of the alias summons on September 25, 2015. On October 5, 2015, Morgan answered the complaint. A certificate of service attached to the answer (but strangely dated three days before the answer itself) represents that the answer was mailed to Jones at the address listed for her on the docket.

On November 2, 2015, Jones filed an "Application for Entry of Default," asserting that she had not received a copy of the answer. Jones also filed a motion to vacate the discovery schedule in the adversary proceeding on the ground that the requested default would render discovery unnecessary. Two days later, on November 4, 2015, United States Bankruptcy Judge

Jason D. Woodward set the two motions for hearing. On November 24, 2015, counsel for Morgan responded to the application for default, stating that the answer had been mailed on October 5, 2015.

On December 23, 2015, Judge Woodward, following a December 9, 2015, hearing, entered an order finding that Jones received a copy of the answer. Doc. #1-1. Accordingly, Judge Woodward denied the application for default and the motion to vacate. *Id*.

On January 15, 2016,[1] Jones filed in the Bankruptcy Court a "Motion for Leave to Appeal by Bankruptcy Rule 8004, If Issue on Appeal Not Judged a Final Order, and Because of the Issue on Appeal, for a Stay of Judgment until Appeal Decided and Waiver of Feeling [sic] Fee." Doc. #1. In her motion, Jones asks the Court to: (1) accept an appeal of Judge Woodward's December 23, 2015, order; (2) stay the order; and (3) waive the appeal filing fee. *Id*. Morgan did not respond to the motion.

## II
## Analysis

28 U.S.C. § 158(a) provides:

The district courts of the United States shall have jurisdiction to hear appeals

> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

Jones' motion argues that the order denying the application for default may be considered a final order and that, even if it is not a final order, the Court should exercise its discretion to accept the

---
[1] For unknown reasons, the motion was not docketed in this Court until May 31, 2016. *See* Doc. #1.

2

appeal.

## A. Final Order

Jones seems to argue the order denying the final judgment is final because: (1) the issue of default has the potential to end the litigation; (2) the order "cannot effectively be reviewed after a final judgment in the adversary proceeding itself; and (3) the order was the result of fraud. Doc. #1 at 3. Jones, however, offers no authority for the proposition that the finality of an order is determined by any of these considerations. Rather, the Fifth Circuit has made clear that, within the context of a bankruptcy matter, an order may be deemed final if it is "a final determination of the rights of the parties to secure the relief they seek in [the] suit" or if the order "dispose[s] of a discrete dispute within the larger bankruptcy case …." *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988). In bankruptcy actions, "[a]n order denying default judgment is generally not a final, appealable order." *In re Lee*, 186 B.R. 695, 697 (9th Cir. BAP 1995); *see Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 43–44 (E.D.N.Y. 2016) (classifying order denying motion for default judgment as interlocutory order). Additionally, "[p]retrial discovery orders are generally non-final, interlocutory orders that may not be appealed until a final order is entered in the proceeding." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 812 (10th Cir. 2006).

Here, the order (which denied default and refused to vacate a discovery order) neither operated as a final determination of the rights of the parties nor disposed of a discrete dispute within the larger bankruptcy case. Accordingly, the Court concludes that the December 23 order was not a final order within the meaning of § 158 and, therefore, an appeal of such order may only be heard with leave of the Court.

## B. Discretion to Hear Appeal

Under § 158(a), a district court may grant leave to appeal an interlocutory order. This provision, "does not indicate the standard a district court should use in determining whether to grant leave to appeal." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). However, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders." *Id.* (collecting cases). "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.*; *Kelley v. Cypress Fin. Trading Co., L.P.*, 518 B.R. 373, 377 (N.D. Tex. 2014) (quoting *In re Ichinose*). "Every ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced." *Panda Energy Inter., Inc. v. Factory Mut. Ins.*, No. 3:11-cv-003, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) (citing *Ahrenholz v. Bd. of Tr. Of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). "The moving party bears the burden of demonstrating that interlocutory appeal is appropriate." *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 813 (E.D. La. 2009).

Here, Jones argues her appeal involves two controlling issues of law: (1) "Is a hearing by the [Bankruptcy Court] with the defaulted party invited, to decide if the clerk should enter default, by a properly submitted FRCP 55(a) application for entry of default to the Court Clerk, a legal procedure by the [Bankruptcy Court] or any Court to employ?" and (2) "Does the [Bankruptcy Court] have jurisdiction and authority to hold a hearing on a rule 55(a) request to the clerk for entry of default, by treating same as a core bankruptcy proceeding which the [Bankruptcy Court] can legally decide if … Bankruptcy Rules 7013(b) … forbids [the

Bankruptcy Court] to make final decisions on non-core bankruptcy proceedings."[2] Doc. #1 at 1–2 (emphases omitted). Even if the procedural issues related to Jones' request for default could qualify as potentially controlling, an interlocutory appeal would be inappropriate because Jones has failed to show that either issue implicates a substantial ground for difference of opinion or would materially advance the termination of the litigation.

### 1. Substantial Ground for Difference of Opinion

"[C]ourts have found there is substantial ground for difference of opinion, if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 412 (W.D. La. 2013) (internal quotation marks omitted). Importantly, "simply because a court is the first to rule on a question or counsel disagrees on the applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id*. (emphases omitted). Similarly, "a substantial ground for difference of opinion does not exist because a party simply claims the bankruptcy court ruled incorrectly." *Id*. (internal quotation marks omitted).

In this case, Jones has offered no authority which would show that the Bankruptcy Court lacks authority or jurisdiction to hold a hearing on a request for a clerk's entry of default. At most, Jones merely argues the Bankruptcy Court ruled incorrectly. In the absence of authority

---

[2] Although not enumerated as a specific issue of law, Jones, pointing to discrepancies between the date on the certificate of service in the answer and the date of service claimed by Morgan, also argues that Morgan's attorneys engaged in fraud. Doc. #1 at 4–5. However, the existence (or date) of service is an issue of fact, not an issue of law. *See Greenberg*, 552 B.R. at 44–45 (whether court erred in denying default judgment under particular set of facts was not a question of law under § 1292(b) inquiry). Accordingly, an interlocutory appeal on such an issue would be improper.

5

showing an unsettled point of law, the Court must conclude that Jones has failed to meet the second prong of the interlocutory test.[3]

## 2. Materially Advance the Termination of the Litigation

"An appeal materially advances the termination of litigation when it accelerates or simplifies trial proceedings." *Panda Energy*, 2011 WL 610016, at *5. Orders related to default judgment have the capacity to speed the resolution of an adversarial proceeding but not all appeals from such orders will satisfy the third prong. *See Greenberg*, 552 B.R. at 45–46 ("The third prong might be met since a default judgment could speed the resolution of the adversarial proceeding. But speed might well increase the chance of error. In this case, the potential error is a legal malpractice judgment and an award of damages totaling several hundred thousand dollars.").

Here, at most, reconsideration of the Bankruptcy Court's order would result in an order directing the Clerk to enter default against Morgan. On remand, the Bankruptcy Court would still be required to consider whether to set aside default and ultimately whether to grant default judgment against Morgan. *See* Fed. R. Civ. P. 55(b), (c). Under these circumstances, the Court concludes that an immediate appeal would not materially advance the termination of the litigation.

## C. Remaining Requests

Having found that leave to appeal should be denied, Jones' requests for a stay and for a

---

[3] The Court notes that a bankruptcy court in an adversary proceeding has the authority to review a request for a clerk's entry of default and then direct denial of the request upon a finding that the requested default is unwarranted. *See In re Fineberg*, 170 B.R. 276, 279–80 (E.D. Pa. 1994) (affirming bankruptcy court's order instructing clerk of court not to enter default under Rule 55(a)). A hearing on the propriety of exercising such power would seem to fall well within a bankruptcy court's inherent authority "to manage its docket," *In re Moore*, 319 B.R. 504, 511 (Bankr. S.D. Tex. 2005); or its statutory power to "issue any order, process, or judgment … necessary or appropriate to carry out the provisions of [the bankruptcy code]," 11 U.S.C. § 105(a).

waiver of the appeal filing fee need not be reached.

## III
## Conclusion

For the reasons above, Jones' motion for leave to appeal [1] is **DENIED**.

**SO ORDERED**, this 14th day of December, 2016.

                                                **/s/ Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**